# UNITED STATES COURT.

SYLVANUS G. CHASE and others agt. HUMPHREY H. CRARY and others.

Two vessels may be charged in a libel with joint negligence, where they jointly commit an act of collision which injures a third vessel, even though there is no apparent previous concert of action or navigation between the two colliding vessels.

Where the collision is occasioned by the joint negligence of those who have charge of the colliding vessels, as the servants of the owners, then a libel may be sustained against the owners jointly, as well as against the vessels.

Where the proof shows that only one of the colliding vessels charged, was guilty of negligence, the proper decree should be against that one, and in favor of the others, and not a dismissal of the libel because of the failure to prove the joint negligence.

The case of the *Samson*, (2 *Wallace*, p. 485,) approved of, and that of the *Moxey*, decided by Judge BETTS, in 1847, distinguished from this.

In estimating the damages to the injured vessel, the court, on exception, rejected items claimed to be necessary to put her in good condition, because it did not appear that the vessel had been fully repaired.

The court also rejected an item of depreciation in the value, as being too speculative.

*In Admiralty—Southern District of New York.*

*Before* Hon. CHARLES A. INGERSOLL, *D. J.*

THIS libel was filed by the owners of the lake boat Frank Carver, against the owners of the steam-tug Catharine, and the owners of the steam-tug Geo. Birkbeck, jr., to recover the damages occasioned to the Carver while in tow of the Catharine, by a collision with a lumber barge in tow of the Birkbeck, on the 8th of November, 1854, in the East river. The Carver was on the larboard side of the Catharine, and the barge was on the starboard side of the Birkbeck, her bow projecting beyond the steamboat's stern. The Catharine was coming from the Atlantic docks, bound to pier No. 17, East river, at the rate of about three miles an hour. The Birkbeck was bound to a pier in Brooklyn, and when first seen appeared to be coming across the Catharine's bows. When about ten yards apart, the pilot of the Catharine gave orders to slow and back. The Birkbeck had slowed and stopped before ; and about the time when the Catharine slowed, the Birkbeck backed her engine, but her forward progress was not stopped, nor was her course changed. The Catharine had been stopped in the water, but when about fifty feet apart, the pilot of the Birkbeck motioned her to go ahead, which was done ; but notwithstanding, the barge struck the Carver head on, a little aft midships ;—and the libel is filed, alleging joint negligence and fault on the part of the two steamboats.

The respondents took the exception that there can be no joint negligence on the part of two steamboats, and that they would not be jointly liable even *in rem*.

C. VAN SANTVOORD, *for libellants.*

D. McMAHON, *for claimants and respondents.*

Held by the court, INGERSOLL, D. J., that the case of the *Samson*, in 2 *Wallace, jr.*, (*p.* 485,) is a case where a libel has been filed against two vessels *in rem*, without any such exception having been taken either by the counsel or by the court, which could hardly be, if there were any validity in the exception; and that in the case of the *Moxey*, decided by Judge BETTS, in 1847, was different from this, in that the libel that did not allege a joint negligence; that it must therefore be held that a libel against two vessels for joint negligence can be sustained.

That where the collision is occasioned by the joint negligence of those who have charge of the vessels as the servants of the owners, then a libel may be sustained against the owners jointly, as well as against the vessels.

That, as in the case of the *Samson*, a charge of joint negligence may be made against two vessels, and the proof show negligence against only one; and in such a case the decree must be against that one, and in favor of the others.

That on the evidence in this case, there was negligence on the part of the Birkbeck, in not changing her course; and if, as her pilot says, her engine was not strong enough to back against the wind, which was blowing, he was negligently exposing other vessels to be run down by having so weak an engine.

That there is no evidence of fault on the part of the Catharine. She slowed and stopped in time to enable the Birkbeck to avoid the collision, and had good reason to believe that the engine of the Birkbeck was strong enough to give her stern way against the wind, and that she would change her course, if necessary; that her going ahead was not the cause of the collision, which would have equally happened if she had not done so.

That there was no fault on the part of the Carver, either in not having a man at her helm, or in not properly using fenders. The pilot of the Catharine told the man at the helm that he was not wanted there, and the best was

done with the fenders that could be done under the circumstances.

Libel dismissed as against Crary, the owner of the Catharine; and as against the owners of the Birkbeck, decree for libellants, with a reference.

On the reference as to the damages, the libellants proved that they had never fully repaired the vessel. Their witnesses proved the amount of repairs actually put on, and also testified that to make the vessel as good as she was before, she would need some brace clamps on the opposite side from the injury, which would cost $67.40; while witnesses for the respondents testified that she would not need such clamps.

The commissioner reported that the libellants should recover the amount of the repairs actually put on, and the cost of the brace clamps, and $100 for depreciation in the market value of the vessel, and $25 for her detention.

To this report the respondents excepted. The matter, on exceptions, was argued by

> Mr. VAN SANTVOORD, *for libellants.*
> Mr. McMahon, *for respondents.*

Held by the court, INGERSOLL, D. J., that to enable the libellants to enforce their right to be made good, they must submit such evidence as will enable the court to say what sum will make them good.

That the most satisfactory way of determining whether the brace clamps would be required, would have been to repair the boat fully. This, however, was not done, and the evidence is not sufficient to satisfy the court that they are required.

That the evidence of depreciation given, is not sufficient to support that item. It is too speculative and uncertain.

That the report must, therefore, be so modified as to strike out those two items.